1 | SHARTSIS FRIESE LLP
FRANK A. CIALONE (Bar #172816)
2 | fcialone@sflaw.com
ERICK C. HOWARD (Bar #214107)
3 | ehoward@sflaw.com
One Maritime Plaza, Eighteenth Floor
4 | San Francisco, CA 94111
Telephone: (415) 421-6500
5 | Facsimile: (415) 421-2922

6 | Attorneys for Defendants
FAX87.COM, FARJAD FANI and MATT
7 | JOHNSON FINANCE INC.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

12 | J2 GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC.,   |   Case No. CV11 02618 DDP (AJWx)

13 | ANSWER OF MATT JOHNSON FINANCE INC. dba FAX87.COM AND FARJAD FANI AND COUNTERCLAIMS FOR DECLARATORY RELIEF

14 | Plaintiffs,

15 | v.

16 | FAX87.COM, FARJAD FANI and MATT JOHNSON FINANCE INC.,   |   DEMAND FOR JURY TRIAL

17 | Defendants.   |   Judge: Hon. Dean D. Pregerson

18 | Trial Date: Not Yet Set
Complaint Filed: March 29, 2011

19 | FAX87.COM, FARJAD FANI and MATT JOHNSON FINANCE INC.,

20 | Counter-Claimants,

21 | v.

22 | J2 GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC.

23

24 | Counter-Defendants.

25

26

27   Defendants Matt Johnson Finance Inc., dba Fax87.com ("Fax87") and Farjad

28 Fani (collectively, "Defendants") answer the Complaint as follows:

- 1 -

Case No. CV11 02618 DDP (AJWx)   ANSWER OF MATT JOHNSON FINANCE INC. DBA FAX87.COM, AND FARJAD FANI AND COUNTERCLAIMS

1.    1.    Defendants admits the allegations of paragraph 1 of the Complaint.

2.    2.    Defendants admit only that Fax87 is doing business in this district and that Plaintiff asserts that venue is therefore proper. Defendants otherwise deny the allegations of paragraph 2 of the Complaint.

3.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis deny the allegations.

4.    Defendants deny that Farjad Fani is "an alter ego of individual Matt Johnson." Matt Johnson is simply another name that Farjad Fani uses. Defendants otherwise admit the allegations of paragraph 4 of the Complaint.

5.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis deny the allegations.

6.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis deny the allegations.

7.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, which calls for a legal conclusion, and on that basis deny the allegations.

8.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis deny the allegations.

9.    Defendants lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis deny the allegations.

10.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, which calls for a legal conclusion, and on that basis deny the allegations.

11. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, which calls for a legal conclusion, and on that basis deny the allegations.

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

## COUNT I

### CLAIM FOR PATENT INFRINGEMENT

### UNDER 35 U.S.C. § 271 ('638 PATENT)

20. Defendants incorporate by reference paragraphs 1 through 19 of this Answer.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

## COUNT II

### CLAIM FOR PATENT INFRINGEMENT

### UNDER 35 U.S.C. § 271 ('066 PATENT)

25. Defendants incorporate by reference paragraphs 1 through 24 of this Answer.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendants' right to plead additional defenses as discovery into the facts of the matter warrant, Defendants hereby assert the following affirmative defenses. Defendants reserve the right to amend their defenses further as additional information is developed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any claim of the '638 or '066 Patents either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped by the prosecution history of the '638 and '066 Patents and other related patents from asserting infringement of one or more claims of the '638 and '066 Patents.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '638 and '066 Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including at least Sections 101, 102, 103, and/or 112, and one or more sections of Title 37, Code of Federal Regulations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred by the doctrine of unclean hands.


### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim that could support an award of attorneys' fees.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim that could support an award of enhanced damages under 35 U.S.C. § 284.

### COUNTERCLAIMS

Defendants assert the following Counterclaims against Plaintiffs:

### FACTS

1.   Paragraphs 1 through 29 are hereby adopted and incorporated herein by reference as fully as if repeated verbatim.

2.   Matt Johnson, Inc. is a Washington corporation with its principal place of business at 155 108th Avenue NE, Suite 703, Bellevue, Washington, 98004. Matt Johnson, Inc. does business as Fax87.com.

3.   Farjad Fani is an individual who is a resident of the State of Washington.

4.   Plaintiff 2 Global Communications, Inc. ("j2") has alleged in its Complaint that it is a Delaware corporation with a principal place of business in Los Angeles, California.

5.   Plaintiff Advanced Messenging Technologies, Inc. ("AMT") has alleged in its Complaint that it is a Delaware corporation with a principal place of business in Los Angeles, California.

6.   Plaintiff j2 has alleged in the Complaint that it is the owner by assignment of United States Patent No. 6,208,638 ("the '638 Patent").

7.   Plaintiff AMT has alleged in the Complaint that it is the owner by assignment of United States Patent No. 6,350,066 ("the '066 Patent").

8.   There is an actual controversy between Defendants and Plaintiffs regarding noninfringement and invalidity of the '638 and '066 Patents because

1  Plaintiffs have asserted that Defendants infringe the '638 and '066 Patents.

2      9.    This court has personal jurisdiction over Plaintiffs because, *inter alia*, Plaintiffs have submitted themselves to the jurisdiction of this Court by filing the Complaint for patent infringement in this Court.

    10.    Defendants bring these Counterclaims under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and under 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338.

    11.    Subject to and without waiving any motions related to venue, venue for these Counterclaims is proper in this Court under the doctrine of pendant venue because these Counterclaims are closely related to the claims set forth in the Complaint.

### FIRST COUNTERCLAIM

Subject to and without waiving any motions related to venue, Defendants have not infringed and are not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the '638 or '066 Patents.

### SECOND COUNTERCLAIM

Subject to and without waiving any motions related to venue, the claims of the '638 and '066 Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including at least Sections 101, 102, 103, and/or 112 and/or one or more sections of Title 37, Code of Federal Regulations.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint.

2. A declaration that Defendants have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, and are not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any valid

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 and enforceable claim of the '638 or '066 Patents;

2     3.     A declaration that the '638 Patent is invalid;

3     4.     A declaration that the '066 Patent is invalid;

4     5.     An order enjoining Plaintiffs, their officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claims of the '638 or '066 Patents against Defendants or anyone in privity with Defendants;

8     6.     For Defendants' costs of suit incurred herein;

9     7.     For Defendants' reasonable attorney's fees and expenses;

10     8.     For such other and further relief as the Court deems proper.

DATED: May 16, 2011

SHARTSIS FRIESE LLP

By: _____
ERICK C. HOWARD

Attorneys for Defendants
FAX87.COM, FARJAD PANI and
MATT JOHNSON FINANCE INC.

---

- 7 -

Case No.
CV11 02618 DDP (AJWx)

ANSWER OF MATT JOHNSON FINANCE INC. DBA
FAX87.COM, AND FARJAD PANI AND COUNTERCLAIMS

## DEMAND FOR TRIAL BY JURY

Defendants Matt Johnson Finance Inc., dba Fax87.com, Farjad Fani hereby demand a trial by jury.

DATED: May 16, 2011

SHARTSIS FRIESE LLP

By: _____
ERICK C. HOWARD

Attorneys for Defendants
FAX87.COM, FARJAD FANI and
MATT JOHNSON FINANCE INC.

1720987.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 8 -

Case No.
CV11 02618 DDP (AJWx)

ANSWER OF MATT JOHNSON FINANCE INC. DBA
FAX87.COM, AND FARJAD FANI AND COUNTERCLAIMS